IN THE SUPREME COURT OF THE STATE OF NEVADA

JASON J. BOLDEN, A/K/A JASON
JEROME BOLEN,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 79715

**FILED**

AUG 04 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

*ORDER OF AFFIRMANCE*[1]

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of four counts of attempted murder with the use of a deadly weapon; one count of ownership or possession of a firearm by a prohibited person; seven counts of discharging a firearm at or into an occupied structure, vehicle, aircraft, or watercraft; and one count of battery with the use of a deadly weapon.[2] Eighth Judicial District Court, Clark County; Richard Scotti, Judge.

Appellant first argues that the district court erred in allowing the State to file an information by affidavit when the State did not provide an affidavit in support of the motion. Because appellant did not oppose the

---

[1]We previously issued an opinion in this matter on July 8, 2021, and amended that opinion on September 23, 2021. We later granted en banc reconsideration and withdrew the opinion. *Bolden v. State*, No. 79715 (Nev. Feb. 3, 2022) (Order Granting En Banc Reconsideration). We now issue this order in place of the prior opinion.

[2]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

22-24438

motion or otherwise object below, any error was forfeited.[3] *Jeremias v. State*, 134 Nev. 46, 50, 412 P.3d 43, 48 (2018) (discussing forfeited error). And we decline to exercise our discretion to consider a forfeited error here. *See id.* at 52, 412 P.3d at 49 (recognizing this court's discretion to consider forfeited errors).

Appellant next claims that there was insufficient evidence of identity because the victim that identified appellant as the perpetrator at trial did not identify appellant at the preliminary hearing. We "view[ ] the evidence in the light most favorable to the prosecution," to determine whether, "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *McNair v. State*, 108 Nev. 53, 56, 825 P.2d 571, 573 (1992) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). The victim explained at trial that he lied at the preliminary hearing because he did not want to aid in the investigation but later decided to "deal with the situation" after receiving numerous subpoenas. And other evidence identified appellant as the perpetrator, including a 911 call and the victim's photo identification, both made shortly after the shooting. "[I]t is the jury's function, not that of the court, to assess the weight of the evidence and determine the credibility of witnesses," *id.*, and based on the evidence presented, we conclude that a rational juror could have found

---

[3]And we further conclude that appellant fails to show an error apparent from a casual inspection of the record that affected his substantial rights as he was later convicted of the charges beyond a reasonable doubt following a jury trial. *See Jeremias v. State*, 134 Nev. 46, 50, 412 P.3d 43, 48 (2018) (discussing plain error review of otherwise forfeited assertions of error).

beyond a reasonable doubt that appellant was the perpetrator.  Based on the foregoing, we

ORDER the judgment of conviction AFFIRMED.

_____ C.J.
Parraguirre

_____, J.
Hardesty

_____, J.
Stiglich

_____, J.
Cadish

_____, J.
Silver

_____, J.
Herndon


PICKERING, J., concurring:

I concur in the result only.

_____, J.
Pickering

 

cc: Chief Judge, Eighth Judicial District Court
Department 2, Eighth Judicial District Court
Law Office of Benjamin Nadig, Chtd.
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk